IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FARIDULLAH ARABZADA,<br><br>*Petitioner*,<br><br>v.<br><br>LEONARD ODDO, *et al*,<br><br>*Respondents*. | Civil Action No. 3:26-cv-1642<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus. (ECF No. 3). Petitioner, a native and citizen of Afghanistan, is currently detained at Moshannon Valley Processing Center ("MVPC"). He unlawfully entered the United States on October 31, 2022, was detained, and then released on own recognizance. On December 30, 2025, Petitioner was taken into immigration custody.

On February 20, 2026, Petitioner filed his first Petition for Writ of Habeas Corpus at Civil Action No. 3:26-cv-299. On March 17, 2026, the Court granted the petition in part, ordering a bond hearing pursuant to 8 U.S.C. § 1226(a). Petitioner received a bond hearing on April 1, 2026, and the immigration judge denied bond, finding Petitioner to be a flight risk. Petitioner reserved his right to appeal the immigration judge's decision, but he never filed an appeal by the May 1, 2026, deadline. Instead, on April 9, 2026, Petitioner filed a motion to enforce, which the Court denied on April 13, 2026. (Civil Action No. 3:26-cv-299, ECF Nos. 1, 15, 16, 20, 21, and 25).

On May 5, 2026, an immigration judge ordered Petitioner removed, denying all applications for relief. (ECF No. 7-4). Petitioner appealed the decision, and that appeal remains

pending before the Board of Immigration Appeals ("BIA"). (ECF Nos. 7-5 and 7-6). Then, Petitioner filed the instant petition on August 26, 2026, arguing that his bond hearing was constitutionally deficient and that he is entitled to a bond hearing where the Government bears the burden of proof because of his prolonged detention. (ECF No. 3).

First, as Respondents accurately note, Petitioner has not availed himself of the administrative process for appealing the immigration judge's determination denying him bond. *See* 8 C.F.R. § 1003.1(b); 8 C.F.R § 1003.19(f). There is no information before the Court that Petitioner exercised his right of appeal to the BIA, or that he has attempted to seek a custody redetermination under 8 C.F.R. § 1003.19(e) due to a change in material circumstances. Exhaustion is appropriate because the BIA, and not the Court, is the subject-matter expert in immigration bond decisions.

Second, the immigration judge's bond determination is unreviewable by the Court under 8 U.S.C. § 1226(e). The Court does not have the authority to sit as an appellate court over the determination of the immigration judge and to question his substantive determination on bond.[1] Nevertheless, Petitioner wants the Court to review the proceedings before the immigration judge

---

[1] The United States Court of Appeals for the Third Circuit, in two unpublished decisions, has advised that a district court may review whether a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (stating that Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights); *Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing."). It has explained that a bond hearing satisfies due process if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78.

and find that he was not afforded an adequate individualized bond hearing. The Court will not order a new bond hearing. Petitioner already received habeas relief, and an individualized bond hearing with adequate procedural protections. He may disagree with the outcome of his court-ordered hearing and the immigration judge's weighing of the evidence, but nothing before the Court suggests that the process was deficient. Once again, the Court holds that he received a fundamentally fair bond hearing.

Third, the Court holds that his continued detention has not become constitutionally unreasonable. In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203. 211 (3d Cir. 2020). Courts within this circuit have repeatedly recognized that detention approaching or exceeding six months without an opportunity for individualized review raises serious constitutional concerns. *See Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 475–476 (3d Cir. 2015) (explaining that detention becomes suspect as it moves beyond six months); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (observing that Congress doubted the constitutionality of detention longer than six months).

As previously noted, Petitioner's bond hearing occurred on April 1, 2026, and he was ordered removed on May 5, 2026. There is nothing before the Court indicates that his removal proceedings are progressing at an abnormal pace.[2] Petitioner has not shown that his current

---

[2] To the extent Petitioner argues that his continued detention violates the Administrative Procedures Act ("APA"), the record shows that ICE followed the statutory and regulatory schemes governing the removal process. *E.g.*, 8 C.F.R. § 241.4(l)(2). His arguments under the APA are not persuasive; his detention is not improper under the APA.

conditions of confinement at MVPC are unduly punitive or otherwise quasi-criminal in nature. In sum, the Court holds that Petitioner's ongoing detention protects against flight.

AND NOW, this 6th day of October 2026, IT IS HEREBY ORDERED that the Petition for Habeas Corpus (ECF No. 3) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE